Appellant Jeffery Blumenthal. Good afternoon. Good afternoon, Your Honors. May it please the Court. I'm Jeffery Blumenthal. I'm the head of the Appellant and Home Envoy Family, one of their partners. I want to recognize first my partner who's here with me, a colleague, Rodney Slutsky, and I know Justice Wright was previously interested in making her smile, and with that in mind, I have to also recognize my wife, who is here today, to wish her a happy 30th anniversary. So, Linda, happy 30th anniversary. Happy 30th anniversary. So, other than wishing my wife a happy 30th anniversary, why are we here today? We're here because the property tax code is extremely technical. It consists of detailed rules and procedures, and tax-deep litigation, such as what arose out of this case, is pretty much distinct from all other types of litigation because it is based on in-rem jurisdiction. Now, that said, and as Your Honors consider the issues before you, I think there's a few critical things about tax sale procedures and tax sales in general. The first and foremost, the whole reason for a tax sale is the recognition that the taxes that were supposed to be paid must be paid. Real estate taxes are a critical tie in the whole operation of local government, and the tax sale is necessary to allow local governments to be certain that if those taxes aren't paid by the homeowner, the property owner, in a timely manner, a tax purchaser is going to step up and pay those taxes for that tax purchaser. And toward that purpose, the tax purchasers are given this incentive, and that incentive is if no one comes forward and pays those taxes, and you've stepped up and done so, and if no one redeems in the redemption period, you are going to get a tax deed, and if you obtain a tax deed, that tax deed guarantees merchantable title, and it is incontestable unless certain very strict rules and procedures are followed. And those provisions of the property tax code are necessary for this whole system to work, the system by which local governments can obtain their tax revenues. So, why are we here? Because the owner of this property, who happened to be Salter Group at the time of the tax sale, who itself was a tax purchaser and knew all about these tax rules, acquired a tax deed and then went for years and didn't bother to pay the taxes. My client, Noman Boy, stepped up, paid those taxes, and then went forward to obtain a tax deed, which the court gave. Now, what we have to keep in mind, and no matter how much Lincoln Title is going to step up here and argue, as it did in its brief, that, oh, that tax deed never should have been issued. There were errors. The court made errors. We shouldn't have issued that tax deed. That is not the issue before this court. It is not the issue before the court because the property tax code mandates that tax deeds are incontestable, except in very rare circumstances, and because tax deeds convey merchantable title. That is why we are here, and the reason is because the trial court did not follow the procedures when considering the 214.01 petition filed by Lincoln Title in order to obtain relief from the original order. And this is a critical distinction. It is not that order, the original order that matters. It is whether this court properly entered the order vacating the original tax deed order. Now, the trial court's failures, its errors, should be apparent based on the record. These are not that complicated. It is rendered a little more complicated because, first, the trial court, despite being given numerous opportunities, refused to clarify its reasoning or even what it was ruling. Instead, we had a motion before it, the motion to declare tax deed void and petition to vacate order directing issuance of tax deed filed by Lincoln Title, and all the court said ultimately, its final wording was, that motion is granted. And it didn't say whether it was granting the motion to void, the order directing the tax deed itself, not the order, the tax deed, or whether it was granting the petition to vacate the order directing issuance of tax deed, in other words, the section 2-1401 portion of that order. And the second reason it's a little bit complicated here is because the court did not follow the code of civil procedure and essentially ruled on this 2-1401 petition without ever giving the gnomon boy an opportunity to present evidence, to even answer the 2-1401 petition by presenting, putting in issue the allegations of that petition. So we don't have a thorough record of the facts. But, you know, the trial court asked the attorney, you want more time, you want more than, there was no request to... The trial court never asked that. In the course of that hearing, the trial court, the only thing the court said at the hearing, and this was at the hearing on July 9th, I think, of 2000... That was, all right, what was before the court at that time was the motion to dismiss. There was a motion to dismiss the section 2-1401 petition because of the Lincoln title's complete absence of standing. The Lincoln title never alleges it had standing, never alleges the basis for its standing, and a motion to dismiss was properly filed. That is what was up before the court on July 9th. So when the court said to them, do you need additional time, that was because they were there that morning and everything in that record indicates it. All they were arguing was the motion to dismiss was grounded on Lincoln title's failure to allege standing or failure to have standing. On the July 9th hearing, the court denied the motion to dismiss and then took the 1401 petition under advisement. Exactly, that's what the court did, and they took, it denied the motion to dismiss, that was what was before the court, and then just said, okay, now I'm taking the 2-1401 under advisement without ever giving anybody the opportunity to even answer it. Did the attorneys say, hey, wait a minute, I want more time, I want time to argue the 1401, or I want more, you know, to go into the merits of the 1401? Well, the court said I'm taking it under advisement. What's he going to do, start arguing with the court? I submit that at that process, when you are appearing on, when you've properly filed a motion to dismiss, and the court has a hearing on the motion to dismiss, and you have no idea, they were never given the opportunity. And that failure to have the opportunity to have a hearing on that 2-1401 petition, he's not, it's not incumbent on him to say, oh, judge, you need to follow the rules, we need time to respond. Oh, wait a minute, the judge said he was taking the 1401 under advisement. So, what'd that mean to the attorney? That means the court is completely ignoring their rights to have a hearing on that 2-1401 petition. So who's supposed to make a record on that? The time, well, what happened was, when the court finally did rule on that, to everyone's surprise, I believe, there was a motion to reconsider that was filed. And the court completely ignored that motion to reconsider. It had the opportunity to correct its errors, which were manamess, and the court failed to even clarify what it was doing. We did not waive the opportunity to have a 2-1401 hearing, because the court said, oh, I'm taking this under advisement, and all of a sudden, we just, oh, no, no, no, judge, you can't do that. So that, while we're there, what we have, and the first issue to be addressed, I think, is whether that tax deed was void, with no rights to reimbursement, as provided by Section 2285 of the Property Tax Code. And let's keep in mind, that is, the only issue, the reason we're addressing that first, even though the standing motion was filed, the reason I'm going to address that first, is because let's consider why Lincoln Title bothered to even allege it was void with no right to reimbursement. Now, Your Honors have read these briefs. Your Honors have seen that every argument, every legal argument propounded by Lincoln Title, is unsupported by any authority, is contrary to the express languages of the statute, and Lincoln Title completely ignores the relevant issues here. So why did they file this motion to void? Based on the untenable notion that the redemption date expired on May 7, 2010, which was a date in a notice that Lincoln Title maintains was never even sent. Certainly, admittedly, it was never given to the county court. And if we accept that premise that Lincoln Title is propounding here, that a tax purchaser can arbitrarily and unilaterally ignore the express provisions of Section 21-350, which specifically state what the redemption period is, and if we accept Lincoln Title's proposition, we completely obviate the provisions of 21-350, which provide redemption on a single family residence is two and one-half years from the date of the sale. Mr. Blumenthal, I'm a little confused because I thought that the problem with the issuance of the tax deed was that notice of the redemption period had not been given. No. First of all, let's keep in mind there are two separate types of notices. There is a notice that is required to be sent, given to the county clerk, and sent by the county clerk within four months, 15 days of the tax sale. That is the section, what we'll call the 22-5 notice. And that notice was not given to the county clerk. That is the basic premise of this case. That notice was not given to the county clerk. There are then subsequent notices that are given within a three- to six-month window before the expiration of the final redemption period. And by final redemption period, what I'm talking about is the statute fixes the original redemption period, 21-350. It fixes it at two and a half years on residential property from the date of the sale. However, section 21-350 provides that that date can be, redemption can be made if that date is extended in accordance with the provisions of 21-385. So, in this case, it was extended. It was extended to October 21, 2011. And three to six months before October 21, 2011, notices in accordance with the statute were sent as required by the statute and received by the owner of the property at the time this notice-serving period commenced. So, there was this original notice. But, again, we have to keep in mind, the issue here is not whether the original tax deed should issue. The issue is, did the court properly vacate it? And the court didn't properly vacate it. The court, when it vacated it, initially found that there was, they got the deed to fraud. That's correct. Okay, and that finding actually is not challenged on appeal, is it? It's not challenged on appeal only because the issue on this appeal is not whether that order was correct. The issue on this appeal is on a 214-01 petition, which is whether the court properly vacated it. But your client was aware of problems in the 22-5 notice, right? Well, my client became aware of this. Down the road, these problems were made, the court was aware of these problems. There was a hearing on December 16, 2010, on which the trial court became aware of these problems.  And, again, while I think we're far afield here when we consider whether that order should have originally been entered. But in the pleadings, they said it, there was a claim that all the notice requirements were complied with in the pleadings. And what the court, if given the opportunity, when it is an appropriate issue, we would be able to show that it's not fraud as a matter of law, as defined in the public tax code, when, one, you present to the court all of these issues, which the court was aware of, and you are not. When it issued the original tax deed, how do you know the court was aware of this other stuff, given the pleadings? Because, one, there was a hearing on December 16, 2010, well before the tax deed was issued, in which this was raised by the parties. You also have the documents themselves, which are attached to the application, which was before the court, which the court reviewed. So the court knew about this. Was that the hearing where it was said that it would be brought up at a later time? That's correct. Now, it wasn't. But, again, fraud... Who was supposed to bring it up at that other time? Anybody who possibly would have appeared, Lincoln Title, had Lincoln Title appeared. And let's not forget, Lincoln Title knew about this. But your client represented in the pleadings that everything was complied with. And he believed that in compliance with the property tax code... Let's keep in mind that the property tax, at this point in time... When you knew there were problems. No. When there were problems with the notice. No, that's not exactly correct. Keep in mind, under section 22-40 of the property tax code, it says, the parties have to strictly comply with the notice-serving provisions of sections 22-10 through 22-40... 22-25 of the property tax code. This was not 22-10 through 22-25. It was 22-5. Now, since that's this time... In the interim, there has been an appellate case in Illinois, a case that I, in fact, argued. Although, I say they got part of it wrong. But, in that case, which was subsequent to this case, the appellate court said, for the 22-5 notice, there's also this strict compliance standard. That case had not come down at the time this was pending. So, at the time this was happening, my client, at the time the 22-5 notices were sent, that was not the law. But the statute was there. But the statute didn't say strict compliance for 22-5. Some court just interpreted the statute. Subsequently. So, my client could go in in good faith and say, I believe we complied because it didn't require strict compliance. He sent those notices out. Obviously, I'm happy to answer any further questions. I have plenty more to state. And, I'll conclude that with a rebuttal with the prayer that we're asking for. So, thank you very much. Thank you. Ms. Moretti. Good afternoon. Good afternoon. Amanda Moretti on behalf of Lincoln Title Company. May it please the Court. The trial court's July 11, 2012 order is not in error. It is not vague. And it is perfectly clear that the tax deed was voided based on noncompliance with Section 22-5. Not based on a lack of strict compliance. There was simply no compliance whatsoever. There was a complete omission. The second basis for the July 11 order was the fact that fraud was perpetuated upon the Court. It is true that Nomenvoy, the appellant in this matter, knew that this issue was going to be present at the time of prove up. Yet, if you notice, and in the record, at the time of prove up, the prove up record is about half a page. Obviously, this was not presented to it. Although it said, when it's right, when it's right, when it's right, then when it became right, it was simply not mentioned. Thus, the only issue before the Court today is whether the appellant is entitled to reimbursement via Section 22-80 where the trial court voided the tax deed pursuant to Section 22-5 based on the trial court's findings that the appellant totally failed to comply with Section 22-5. In short, the answer is no. When a tax deed order is entered in violation of Section 22-40, 22-80 does not apply. And what's the basis for that? That is Mattingly, Your Honor, which is cited in our brief under Section B. And that's the basis you have? That is the basis. That is what we are on. Okay. As a threshold matter, the appellant now has not appealed from the Court's order voiding the tax deed. In the Mattingly case, that tax deed wasn't deemed to be void, was it? The tax deed actually was deemed to be void, Your Honor. Let me ask you something. It was the opposite. It was deemed to be void. The reliance since the tax deed in that case was deemed void from the outset, right? Correct. Because its issuance was directed by the trial court at the time when it lacked jurisdiction. Correct. There is language in this, however, that says, and it's specifically in this page 3, and if I may read it into the Court, it says that the tax deed order that Section 2280 and other relevant sections of the Code, after their reading of this, we find that the legislator did not intend Section 2280 to apply to cases such as the Mattingly one, and then it goes into the three scenarios. And the three, and the tax deed order was entered in violation of Section 2240 of the Code, which is what we have here. We have a complete violation of Section 2240A. You would agree in this case the tax deed was not void ab initio. Isn't that right? Ab initio. In this case, ab initio. From the outset. From the outset, we think that this tax deed was absolutely void based on the fact that there was no 22-5. And pursuant to Section 22-5, its provisions are clear and express that in order to be entitled to a tax deed, the tax purchaser within four months and 15 days, here I have quite a thorough reading of this after preparing for these briefs, shall deliver to the county clerk. It is clear that that didn't happen in this case. Section 22-5 is a condition precedent. You have to do this in order. Everything else, everything in this proceeding after this omission was a complete nullity. Due to the fact that this initial 22-5 notice, completely not being provided to the clerk and sent out. Okay. The clerk, the county clerk even, would not post costs and according to Respondent's own attorneys, would not even extend the redemption date until those, until so ordered by the court. And then again, even in those proceedings. Your Honor, it's not right, it's not right. And it was, fraud was perpetuated upon the court. As the court such found, not only did the court, did the court find that there was fraud in the tax deed proceeding, but there was fraud on the tax deed itself. Now, your argument on 22-5 that it's a void, it was a void tax deed, that wasn't, argument wasn't made at the trial level. It was, Your Honor. It was incorporated into the petition to vacate. We, that's our preposition, that it was entirely, that we did set up the beginning of it in the petition to vacate. How did you phrase it? Versus the petition to void, motion to void, excuse me. How did you phrase it then? We phrased it. I don't have the entire record in front of me. But we said that there was no 22-5, that in order to, you know, go forward, that this was a condition of precedent, that fraud was perpetuated on the court. We went on to explain how that, we did try to incorporate that into the, while we may not have expressly stated it outright, the allegations that there was no 22-5 and that fraud was perpetuated upon the court was certainly incorporated into our petition to vacate. That's our contention. Okay. So, and we do agree. The whole, in order for the property tax system to work, we do need tax revenue. I used to be collector, I used to be the collector's attorney, so I know how important that money can be. However, on the other side, you also have to have strict compliance with these notice-providing provisions. Okay. These are due process notice-providing provisions that were completely obliviated in this instance, in this case. I'm sorry, but I'm going to ask another question about this void judgment. If the court has jurisdiction initially, and even if you make this argument about the notice provision and so forth, if the court still has jurisdiction, how does that make the order void? If the court has jurisdiction and the order can be voided, i.e. invalidated by... I mean, the court, like in this case, vacated the order, but it had jurisdiction when it entered the order. It vacated the order pursuant to Section 2240A. Right. Right. So, the vacation, it can stand as a vacation. But still, when there is noncompliance with Section 2240A, then Section 2280 money does not apply. And that is according to Mattingly. And Mattingly was a case where the matter was in bankruptcy court, and the bankruptcy court doesn't allow you to have jurisdiction. Correct. I mean, that's very different from this case. Absolutely. We do concede that distinction, that there was the whole bankruptcy issue where the court found that there was no in-run jurisdiction in this particular case. And that's clear from the evidence in the case. And so, Mattingly, I took it was the closest case you had to a... Well, certainly, because, quite frankly, there haven't been too many cases with such blatant fraud. That being stated, that last sentence that I have read to the court in Mattingly certainly stands for the proposition that when there is a violation of Section 2240A, Section 2280 does not apply. Now, in this case, the court never ordered the reimbursement. Is that right? Correct. The court never ordered the reimbursement. And, in fact, in the improper emergency motion to vacate that was filed over four months after the July 11th order, that was brought up to the court. And the court still, as was pursuant to its intention, denied that emergency motion. Because the fact of the matter is that 2280 is not applicable in this situation. Okay? And even if Your Honor's finds that Section 2280 is applicable, it certainly wasn't applicable in this case. The 90 days certainly didn't start to toll as of July 11th, considering the fact that there was a motion to file, a motion to reconsider, that was filed August 1st, that was not motioned up for hearing until October 11th, which then the final motion for reconsideration was not... The decision on that was had on October 28th, 2012. Well, soon thereafter, appellant filed a notice of appeal. So you're coming into the final order and there's no 2280 language in that order because of the fact that there was a violation of Section 225 in 2240A. And even if 2280 does apply, it certainly, the 90 days certainly has not started running on that, just given the timing. If that were the case, then the 2280 money would have had to be tendered at the arguments for the motion to reconsider. And clearly that's nonsensical. Ms. Murathy, why is your client involved in this case? I'm sorry? Why is your client involved in this case? My client has received a letter, because he had title. He was the title insurer in this case. Okay. So there was a title and he was insuring title on behalf of the... And could have gone in to get the title. Absolutely. Honestly, there has been no issues of title companies redeeming, and I think if that policy is set, then that would have a deafening impact on the redemption rights of the Constitution. In fact, there's cases, a case cited by appellant, that says that title companies, when redeeming on behalf of either the, you know, the purchaser or the seller, have the right to go in and make those redemptions. Thus, because they have this right to do the redemptions, they also have the ability to come in and request to vacate these tax deals. Now, that being stated, the standing is completely waived in this circumstance. The appellant spent the majority of his brief saying that 2280 money applies, 2280 money applies. Well, in that instance, if 2280 money applies because fraud is conceded, then you can't go back and procedurally try to attack standing, notwithstanding the fact that our client has a legally cognizable interest in this matter. And as the Supreme, and as Illinois jurisprudence, standing in Illinois is done with an interest to the parties who want, who have an interest in the outcome. And my client certainly has an interest in the outcome of this case. If there's notices, just not specifically to this case, but if notice is given that the taxes have been paid and there's a redemption period, is there any limitation on who could come in and pay those taxes? Oh, Your Honor, yes. I mean, obviously, if you received, for instance, notification, I couldn't come in and redeem your taxes, but I don't have a legally cognizable interest in redeeming your taxes, so to speak. Or in that instance. So I can't just read about it in the newspaper and decide I'm going to go and pay those taxes? No, no, no. And it's not, and certainly not. And in this instance, there is a legally cognizable, my client was hired with the title company. I understand what you're saying. Right, correct. So if I understand, so the reasons you give for not being ever required to reimburse the other side is because you're void? In this circumstance, there was fraud perpetrated, and there was simply, it's not simply, I mean, this is an extremely profound omission in this case. He was not entitled to a tax fee because he failed to, he failed completely to issue any sort of 22-5 notice pursuant to the property tax code, which has strict and express and very clear provisions in how that is to be done. I mean, reimbursement consists of what? Just paying them back? It would consist of the redemption money and any money held under Section 2280. Correct. We have two minutes. I would like to begin with my conclusion, if there's no other questions. Appellant's fraud and procurement of the tax deed is unacceptable, unjust, and against every fiber of the public policy surrounding tax sales. Any vacation of the trial court's orders would allow an appellant to benefit from having committed fraud upon the trial court, sit on its rights, ignore Section 22-5 of the property tax code, and fail to answer or obey the trial court's orders. If the appellant were to be allowed to be enriched by his own fraudulent behavior, then this Court's ruling would invite fraud to all tax deed proceedings. Appellant cannot rely on the conclusiveness of a tax deed when it has admitted and failed to appeal its complete failure to comply with the notice-serving provision of the property tax code, Section 22-5, and where it has not appealed from the trial court's findings. And that appellant procured its tax deed through proceedings wrought with its own fraud. And again, these issues, Your Honors, were not appealed from. The omission of the Section 22-5 was not appealed from, nor was the fraud. The trial court did not err when it granted the motion to void and petition to vacate. Where fraud is committed upon the trial court, not just at the proof of hearing, but throughout the entire proceedings, the trial court had the power to void the tax deed. Allowing appellant's behavior would be contrary to public policy and would effectively render 22-5 meaningless. And again, it would invite fraud on all tax deed proceedings. We request that this court affirm the trial court's denial of the respondent's emergency motion to vacate, the July 11, 2012, order. Affirm the trial court's July 11, 2012, order. Affirm the trial court's October 28th denial of appellant's motion to reconsider. However, should this honorable court find that the tax deed is not void pursuant to 22-5 and that Section 22-80 does apply, we would request that the court affirm the July 11, 2012, order with direction for appellee to pay Section 22-80 to respondent. Oh, perfect. Thank you, Your Honor. Thank you. Mr. Blumenfeld. Thank you, Your Honor. First, I wanted to comment, Justice McDade, I'll start with one of the questions that you asked, and it was a very good question. You asked counsel, well, can anybody redeem? Let's think about this here. Lincoln's entire argument is, we have standing here because we have a redeemable interest. Well, if they have a redeemable interest to have standing to attack this tax deed, well, their whole argument is, we could have redeemed. But they didn't redeem. And if the court, if given the opportunity, if the court demands this back to the trial court for a proper hearing on the 214-01 petition, what the facts will come out is, Lincoln title, you asked a second question. Well, when did you, why are you here? And she said, well, counsel said, well, because we've got a demand from someone to pay up. Why do they have a demand? The reason they have a demand, and this will come out if ever we're given the opportunity, is Lincoln title made a calculated decision. It ensured a title policy knowing about this case, knowing about its right to redeem, or... That's speculation. Well, it's speculation, but it is based on their argument. They even say in their motion, we knew about the redemption, but we figured this tax deed was a nullity. We know the law, and it was a nullity. It wasn't a nullity. Sure, there might have been an error. It might have been a defense. So, go in, in the time of the hearing, and present that defense. That's what 214-01 requires. They should have gone in and presented that defense. But instead, counsel said, oh, Norman Boyd sat on its rights. Norman Boyd didn't sit on its rights. Lincoln title sat on it, if it had rights. If, and keep this in mind, the redemption, maybe Lincoln title had the right to redeem on behalf of the owner. Maybe. But Lincoln title, this isn't, they didn't redeem. This isn't standing to redeem. This is, Lincoln title brought this proceeding in its own name, claiming it has standing because it's a title company. And the cases that we cited are unequivocal. I think it was Justice Thomas, who's now the Supreme Court Justice, in an opinion that he wrote, said, even, no matter what, a title company in its own name does not have standing to attack a tax deed. That does not give it standing. What's the name of that case? I believe it's either Choice Properties or Golson v. Wilson, both of which are cited. It is either, yes, I believe it's entering the application of the county treasurer, Choice Properties v. Intercounty National Title, 301 Ill Act 3rd, 672. Doesn't that case say, party may redeem on behalf of the owner, even where the party lacks any interest in the property or lacks explicit authorization from the owner? Absolutely. And therefore, if Lincoln title had filed this proceeding and said, we are filing this proceeding on behalf of the owner, that's one thing. But they didn't allege that. They never allege they were filing on behalf of the owner. They allege they have the right in their own name to do this. That's the issue, and they didn't have the right. No, doesn't it say a party may redeem on behalf of the owner, even where the party lacks any interest in the property or lacks explicit authorization? But how do we do it? They don't have to plead that, do they? Absolutely they need to. When it's challenged on a motion to dismiss, there's no allegation that we know they did that. They have to plead and prove that they had standing. They never did that because it never came up, because we were never given the opportunity. We filed that motion to dismiss, say, who are you? Exactly Justice McDade's question. Who are you? What is your connection? And they said, oh, we're a title company. I want to quickly address one other thing. I think the court hit this on, Justice Carter hit this on the head. But Mattingly is completely distinguishable. It is one case among hundreds. And if we follow that language in Mattingly, that out of the blue, we know that that was completely different because that facet was void, ab initio. And furthermore, 2280 didn't apply. Let's remember, in Mattingly, the redemption had been deposited. There was no reason to require 2280 monies to be paid because the redemption had been deposited. The tax purchaser could get the redemption. The tax owner, the tax payer, didn't have to redeem twice by paying the 2280 monies. So with that said, Mattingly is completely distinguishable. And lastly, we know that wasn't void. Every case since 1953, since when the tax fee provisions were amended, every case since then has held that tax fees are not void, there's a fraud, anything. 22-80, no matter what the reason for vacating that order, 2280 requires reimbursement. So the court couldn't vacate that order. It wasn't void and it couldn't vacate it without following 214-01. And the court didn't do it. It didn't require standing. There's no diligence here. We never were given the opportunity. May I wrap up? So what we're stuck with here is this. This court needs to direct that that tax fee was not void, first of all. And secondly, if it's the court's intention to vacate it, we then need the opportunity to answer that 214-01 petition. I don't think they can show they had standing, but if they can properly show they had standing and diligence, then we might have a hearing on the 2-1401 petition. But it certainly wasn't void, and there certainly is no justification to ignore the statutory mandate of Section 2280, which is unequivocal and clear. And for those reasons, we ask that the court's decision be reversed, and we believe there's no other issues to be resolved because of the absence of standing. But if the court reverses it, then the trial court should be arrested. Thank you very much, Your Honor. We thank both of you for your arguments this afternoon. We'll take the matter under advisement, and we'll issue a written decision as quickly as possible. The court will now stand on a brief recess for a panel change. Please rise.